USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/2/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

PLASMART INC.,

                Plaintiff,              05 Civ. 10745 (PKC)

    -against-

                                      MEMORANDUM AND ORDER

WINCELL INTERNATIONAL Inc.., et al.,

                Defendants.
-----------------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.

        The plaintiff has moved to stay this action pending an inter partes reexamination proceeding before the Unites States Patent and Trademark Office ("USPTO"). In a counterclaim, plaintiff is alleged to have infringed claim 1 of U.S. Patent No. 6,722,674 (the "'674 patent.") The accused device is a child's ride-on scooter.

        A four factor test has been utilized by other district courts considering a grant or denial of a stay pending reexamination. See eSoft, Inc. v. Blue Coat Systems, Inc., 505 F.Supp.2d 784 (D.Colo. 2007) (collecting cases). The factors include "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." Id. In one recent action, this Court applied the four factors and denied a stay. Genoa Color Technologies, Ltd. v. Samsung Electronics America, Inc.,2008 WL 754681 (S.D.N.Y. 2008). Subsequently, after hearing further from the parties and conducting an evidentiary hearing, a stay was granted. (Order of June 20, 2008.)

A stay of the action has a significant potential in this case to simply the issues. The USPTO is presently considering whether two references, Song and Handong, render invalid claim 1 of the '674 patent. Discovery in this action is complete and the Court has engaged in claim construction. No trial date has been set. The USPTO issued an office action in the reexamination proceeding on July 1, 2008 and thus the reexamination proceeding is proceeding without apparent delay.

Defendants have come forward with evidence that plaintiff is small operation that may not be available to satisfy a judgment for infringement damages in years to come. In fiscal year 2006, its profits were about $200,000. (Deposition of Kimber at 168.) Defendants' damages, if infringement is proven, are likely to be substantial. This speaks to whether there is an unfair tactical advantage in granting a stay.

The Court will grant a stay of this action conditioned upon the plaintiff posting a bond against any judgment for infringement damages in the amount of $400,000. The bond is to be posted with the Clerk of Court by September 19, 2008. In addition, the Court will require the parties to report on the status of the reexamination proceeding by January 9, 2009.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       August 29, 2008