UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PLASMART, INC.,

    Plaintiff,

v.

WINCELL INTERNATIONAL INC., JAR CHEN WANG, and HONG JIUM GU,

    Defendants.

No. 05-cv-10745 (PKC)

**MOTION OF VENABLE LLP TO WITHDRAW AS COUNSEL FOR DEFENDANTS AND FOR TEMPORARY STAY**

Venable LLP, together with its attorneys and Andrew C. Aitken, respectfully move that this Court allow them to withdraw as counsel for the defendants.[1] They further move that this Court stay all proceedings and deadlines in this matter for sixty days to allow the defendants to retain other counsel. Counsel for the Plaintiff has advised that the Plaintiff takes no position on this motion.

### BACKGROUND

1. Defendants retained Venable LLP in January 2006 to represent them in this litigation pursuant to certain terms.

2. Since that time, Defendants have been unable to pay invoices in accordance with the terms of the engagement.

---

[1] Andrew C. Aitken has moved his practice from Venable LLP to another firm. Defendants have not retained Mr. Aitken's new firm to represent them. Venable LLP and Mr. Aitken ask that the Court include Mr. Aitken in its Order allowing Venable LLP to withdraw as counsel for Defendants.

1

3. Several subsequent agreements have been made to accommodate the Defendants' nonpayment, but Defendants have been unable to pay fees in accordance with those subsequent agreements.

4. As of this date, Defendants have been in arrears on legal fees for more than thirty months, and owe Venable LLP significant sums.

5. Venable LLP has determined that Defendants' unwillingness and/or inability to pay its fees reflects a breakdown in the attorney-client relationship.

6. The withdrawal of Venable LLP has been discussed with Defendants, and Defendants are actively seeking replacement counsel.

## ARGUMENT

### I. Venable LLP Should Be Allowed to Withdraw As Counsel for Defendants

It is settled law in New York and in this District that non-payment of legal fees is a valid and sufficient basis to allow counsel to withdraw. *See Corona v. Hotel & Allied Servs. Union Local 758,* No. 04 Civ. 10074 (CSH), 2007 U.S. Dist. LEXIS 71312, *3 n. 1 (S.D.N.Y. Sept. 26, 2007) ("A client's failure to pay amounts clearly due to an attorney is a recognized ground for permitting the attorney to withdraw from a case."); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,* 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("It is well-settled as a general matter that a client's inability or refusal to pay can constitute a valid ground for withdrawal from representation."). Indeed, New York statutory law explicitly authorizes withdrawal where a client fails to pay its attorney's fees. *See Itar-Tass Russian News Agency v. Russion Kurier,* No. 95 Civ. 2144 (JGK), 1999 U.S. Dist. LEXIS

1101, *36-37 (S.D.N.Y. Feb. 1, 1999) (holding that failure to pay attorney's fees constituted just cause for withdrawal and citing 22 N.Y.C.R.R. § 1200.15(c)(1)(vi)).[2]

This Court has held that "[b]efore applying to a Court for leave to withdraw, it is incumbent upon an attorney to determine whether he is faced with a mere tardiness in payment or an unwillingness or inability to pay that bespeaks of a breakdown in the attorney-client relationship." *Life Dome Cinema Ministry v. Church Loans & Inv. Trust*, 499 F. Supp. 2d 399, 401 (S.D.N.Y. 2007) (Castel, J.). In this case, a relationship history covering more than three years, with multiple revised agreements and accommodations, leads counsel to the inescapable conclusion that Defendants' perpetual inability or unwillingness to pay reflects such a breakdown. "[T]he Court is entitled to assume that the non-cooperation is not of a transitory nature but is not capable of being repaired." *Id.* at 402. Further, as discussed below, no party will suffer any prejudice by this withdrawal. For these reasons, Venable LLP and its counsel should be allowed to withdraw as counsel for Defendants.

## II. This Court Should Order the Matter Temporarily Stayed to Allow Defendants Time to Retain New Counsel

In May 2008, Plaintiffs moved that this Court stay the proceedings pending reexamination proceedings in the Patent Office. Defendants opposed this motion. On September 2, 2008, the Court held that it would grant a stay of this action upon posting of a bond by the Plaintiff on or before September 19, 2008. The Plaintiff has not filed any bond. Nevertheless, the litigation has not proceeded and there are no pending deadlines or impending scheduled events other than the Status Conference scheduled for Monday,

---

[2] 22 N.Y.C.R.R. § 1200.15(C)(1)(vi) states that a lawyer may withdraw from representation if the client "[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees."

3

March 9, 2009, at 11:00 AM.  In order to minimize prejudice to the Defendants, Venable LLP and Defendants request that this Court stay these proceedings for sixty days to allow Defendants time to obtain new counsel.  Such a stay will not prejudice Plaintiff in any manner.

## CONCLUSION

For the foregoing reasons, this Court should allow Venable LLP and Andrew C. Aitken to withdraw as counsel for Defendants and stay these proceedings for sixty days.

Dated:  March 5, 2009

>Respectfully submitted,
>
>s/ Gregory Brown
>Gregory Brown
>VENABLE LLP
>575 7th Street NW
>Washington, DC 20004
>Tel.:  (202) 344-4377
>Fax:  (202) 344-8300
>
>*Counsel for Defendants*